IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02850-PAB-KLM

LYNN DELL BUSBY,

    Plaintiff,

v.

LOUIS L. UNDERBAKKE,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's Motion for Dismissal Without Prejudice Lack of Subject Matter Jurisdiction [Docket No. 23].

## I. BACKGROUND

Plaintiff Lynn Busby, proceeding pro se, initiated this action on October 22, 2021. Docket No. 1. Plaintiff's first complaint did not state any claims. *See id*. Defendant filed a motion to dismiss plaintiff's complaint. Docket No. 11. Plaintiff filed an amended complaint on December 17, 2021. Docket No. 16. On December 21, 2021, Magistrate Judge Kristen Mix ordered that plaintiff show cause as to why the case should not be dismissed given that the magistrate judge found "no clear statement of any constitutional or statutory basis" for plaintiff's claims and determined that plaintiff had not alleged any sufficient basis for subject matter jurisdiction over this lawsuit. Docket No. 19 at 3-4. Plaintiff filed a motion titled "Motion for Dismissal Without Prejudice, Lack

of Jurisdiction Over Subject Matter," but did not file a response to the Order to Show Cause.  Docket No. 23 at 1.

## II. LEGAL STANDARD

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  A plaintiff retains the right to dismiss a case unilaterally under Rule 41(a)(1)(A)(I) even after a defendant has moved to dismiss the complaint.  *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011).

## III. ANALYSIS

Although plaintiff styled his filing as a motion to dismiss his complaint rather than a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), *see* Docket No. 23 at 1, plaintiff cites the Colorado Rule of Civil Procedure equivalent of Federal Rule of Civil Procedure 41.  *See id.* at 1-2 (citing Colo. R. Civ. P. 41).  The filings of pro se litigants are to be construed liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, the Court finds that plaintiff's motion, and lack of response to the magistrate judge's order to show cause, clearly evince his intent to voluntarily dismiss this action.  The Court therefore construes plaintiff's motion, Docket No. 23, as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i).  *See Gagan v. Eid*, No. 07-cv-000112-BNB, 2007 WL 1499782, at *1 (D. Colo. May 17, 2007) (construing pro se plaintiff's motion to dismiss liberally as a notice of voluntary dismissal under Rule 41(a)(1)(A)); *see also Roddy v. Dendy*, 141 F.R.D. 261, 261 (S.D. Miss. 1992) (fact that plaintiff styled

document "Motion for Voluntary Dismissal" rather than notice of dismissal under Rule 41(a)(1) was "without legal significance since the effect desired by [plaintiff] in filing the document . . . was clearly to have his claims dismissed without prejudice"). Because a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) is "self-executing," the filing of plaintiff's motion divested this Court of jurisdiction over the merits of this action without the need for a court order. See *De Leon*, 659 F.3d at 1283; *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion for Dismissal Without Prejudice, Lack of Jurisdiction Over Subject Matter [Docket No. 23], filed on January 3, 2022, is construed as a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). It is further

**ORDERED** that the voluntary dismissal was effective as of January 3, 2022, the date the notice was filed in this action.

DATED June 1, 2022

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge